**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ROBERT CARROLL,

                     Plaintiff,

     v.
                                                                       No. 1:23-CV-01553
UNITED STATES OF AMERICA,                            (LEK/CFH)


                     Defendant.
_____

**APPEARANCES:**

Robert Carroll
P.O. Box 201
Connelly, New York 12417
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

Plaintiff pro se Robert Carroll ("plaintiff")[1] purported to commence this action on December 11, 2023, by filing a complaint. See Dkt. No. 1 ("Compl."). In lieu of paying

---

[1] Plaintiff has indicated on his IFP application that he has other state and federal court actions pending. See Dkt. No. 2 at 2; see also Carroll v. Rondout Yacht Basin, Inc., 187 N.Y.S.3d 854 (2023), leave to appeal dismissed, No. 2023-830, 2024 WL 1204164 (N.Y. Mar. 21, 2024); Carroll v. United States, No. 1:21-CV-1197 (MAD/DJS), 2023 WL 5380433 (N.D.N.Y. Aug. 21, 2023); Carroll v. United States, No. 1:19-CV-1230 (GTS/DJS), 2023 WL 3981420 (N.D.N.Y. June 13, 2023). Although some of these actions involve the same parties, the proceedings concern different facts and issues. Compare Carroll, 2023 WL 5380433, at *5 ("[Plaintiff alleges] that VA doctors failed to investigate, diagnose, and treat his alleged thoracic spine condition"), and Carroll, 2023 WL 3981420, at *1 ("Plaintiff alleges that [VA doctors] failed, on two occasions in 2015 and 2017, respectively, to diagnose his deep venous thrombosis ('DVT')"), with Dkt. No. 1-1 at 2 ("[Plaintiff alleges that t]he failure to properly and timely diagnose and treat a Lumbar Synovial Cyst in 2016 resulted in neurogenic claudication and permanent nerve damage[.]"). Thus, the principles of res judicata and collateral estoppel do not bar the present action. See Bay Fireworks, Inc. v. Frenkel & Co., 359 F. Supp. 2d 257, 261 (E.D.N.Y. 2005) ("The doctrine of res judicata or claim preclusion simply means that when a judgment is rendered on the merits, it bars a second suit between

this Court's filing fee, he submitted an application for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP.[2]

## II. Initial Review

### A. Legal Standard

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." Praileau v. Fischer, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments

---

the same parties or their privies based on the same cause of action or claims.") (citations omitted); see also Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008) ("[C]ollateral estoppel applies when: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously litigated were necessary to support a valid and final judgment on the merits.") (internal quotation marks and citations omitted).

[2] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including but not limited to copying fees, transcript fees, and witness fees.

2

> that they suggest. At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted). Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d

Cir. 1994)).³  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  <u>Flores v. Graphtex</u>, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  FED. R. CIV. P. 8(d).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  <u>Flores</u>, 189 F.R.D. at 55 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of

---

³ All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

## B. Plaintiff's Complaint

Plaintiff brings this action against defendant, the United States of America, "under the Federal Tort Claims Act, . . . and 28 U.S.C. [§] 1346(b)(1) professional malpractice in connection with medical care provided to [him] by the Department of Veterans Affairs at the Stratton Veterans' Hospital [in] Albany, New York." Compl. at 1, ¶1.[4]  Plaintiff claims that, on January 24, 2018, he "visited the Department of Neurology at the Albany VA Medical Center [('VAMC')] at which time an MRI of [his] lumbar spine was ordered." Id. at 3, ¶15.  "This lumbar MRI disclosed the presence of a mass called a synovial cyst which measured 7 mm in diameter." Id.  "At the next follow-up consult with the neurologist, plaintiff was not told of the presence of this cyst, and no follow-up MRI was scheduled to observe its growth." Id. at 3, ¶16.

---

[4] Citations are to the pagination generated by CM/ECF, located in the header of each page.

"Over at least 4 or 5 years[,] plaintiff had been experiencing severe back pain, weakness and disability as a result of this synovial cyst." Compl. at 3, ¶17. "After given a choice of a chiropractor or physical therapy, plaintiff was seen several times by a chiropractor, but after reading a report from the VAMC, the chiropractor terminated treatment and advised plaintiff to have surgery." Id. at 3, ¶18. "Plaintiff called his local VA physician and asked to be referred back to neurology[;] [i]nstead, it was agreed that plaintiff could visit the [Emergency Department] at the VAMC." Id. at 3, ¶19. The Albany VAMC Emergency Department saw plaintiff and performed a lumbar MRI. See id. at 3, ¶20. "This MRI showed that the synovial cyst had enlarged by 50% from a diameter of 7 mm to 10 mm." Id.

Plaintiff alleges that defendant, through "its directors, officers, operators, administrators, employees, agents, and staff" at Albany VAMC, "departed from accepted medical practice." Compl. at 3, ¶21. Plaintiff claims that defendant "(1) fail[ed] to advise [him] that the [cyst] was likely the cause of his pain, weakness and disability, . . . (2) fail[ed] to repeat the lumbar MRI to observe any increase in size or other characteristic of the cyst, and (3) fail[ed] to aspirate or remove the cyst to alleviate plaintiff's suffering." Id. at 3-4, ¶21. Plaintiff contends that defendant "had a duty to hire competent . . . staff in order to meet its standards of quality of care [to] its patients" and

> should have known that the medical staff of the facility was not properly trained, and/or supervised, in a manner necessary to provide a level of care for the plaintiff that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care provides; and was consistent with the expertise that the defendant presented to the community at large.

Id. at 4, ¶26.

Plaintiff claims

> he sustained serious and permanent personal injuries . . . ; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he has lost wages, and will continue to lose wages in the future.

Compl. at 5, ¶28.  Plaintiff requests "medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life totaling $7,500,000.00; and costs and fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper." Id. at 6.

### C. Analysis

Plaintiff names the United States of America as the sole defendant in this action. See Compl. at 1.  "It is well-settled that the United States is immune from suit except where congress, by specific statute, has waived sovereign immunity[.]" Liffiton v. Keuker, 850 F.2d 73, 77 (2d Cir. 1988) (citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 693 (1949)); see, e.g., Mil'chamot v. United States, No. 16-CV-2670 (CM), 2016 WL 10570933, at *1 (S.D.N.Y. Dec. 9, 2016) ("The doctrine of sovereign immunity bars federal courts from hearing all suits against the United States of America, except where sovereign immunity has been waived.") (citing United States v. Mitchell, 445 U.S. 535, 538 (1980), and United States v. Sherwood, 312 U.S. 584, 586 (1941)).  The Federal Torts Claims Act ("FTCA") "provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment."

Moore v. United States, No. 1:19-CV-9760 (JMF), 2019 WL 5634679, at *1 (S.D.N.Y. Oct. 31, 2019) (citing 28 U.S.C. § 1346(b)(1)).

"In order to sue under the FTCA, however, a plaintiff must comply with certain procedural requirements[.]" Est. of George v. Veteran's Admin. Med. Ctr., 821 F. Supp. 2d 573, 577 (W.D.N.Y. 2011).  Specifically, "[b]efore bringing a claim in a federal district court under the FTCA, a claimant must first exhaust [his or] her administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination." Terry v. U.S. Off. of Pers. Mgmt., No. 16-CV-7475 (CM), 2016 WL 10570946, at *1 (S.D.N.Y. Dec. 23, 2016) (citing 28 U.S.C. § 2675(a)).  "Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual." Ruiz v. Fed. Police Dep't, No. 23-CV-7421 (LTS), 2023 WL 6610762, at *3 (S.D.N.Y. Oct. 10, 2023) (citing 28 U.S.C. §§ 2401(b), 2675(a)).  "A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity." Id. (citing 28 U.S.C. § 2401(b)).  "If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court." Id. (citing 28 U.S.C. § 2675(a)).  "This [exhaustion] requirement is jurisdictional and cannot be waived." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005); see Spina v. Lu Feng Liu, 541 F. Supp. 3d 426, 433 (S.D.N.Y. 2021) ("Where a plaintiff fails to exhaust administrative remedies, the district court lacks subject matter jurisdiction over the FTCA claims."); see also Phipps v. United States, No. 1:21-CV-105,

2021 WL 5534701, at *3 (N.D.W. Va. Aug. 16, 2021) ("Because the FTCA waives the United States traditional grant of sovereign immunity, the statute must be strictly construed.") (citing United States v. Kubrick, 444 U.S. 111, 117 (1979)), report and recommendation adopted, 2021 WL 4739497 (N.D.W. Va. Oct. 12, 2021).

  Here, plaintiff alleges he "has fully complied" with the procedural requirements of the FTCA.  Compl. at 1, ¶3.  Plaintiff states that his "suit has been timely filed, in that [he] served notice of his claim on both the Department of Veterans Affairs and the United States Department of Justice less than two years after the incident forming the basis of this suit."  Compl. at 2, ¶4.  To demonstrate that he exhausted his administrative remedies, plaintiff has attached a Standard Form 95 ("SF-95") to his complaint.  See Dkt. No. 1-1 at 2.  He signed the SF-95 on May 19, 2022, and submitted it to the "Department of Veterans Affairs."  Id.  On the form, plaintiff states the basis of his claim:

> [the] MRI at [Albany VAMC] on 1/24/2018 revealed a new L4-L5 cyst compared to 12/30/2016.  This tumor measured 7 mm and contributed to the severe spinal stenosis.  I suffered from worsening lumbar pain, along with leg weakness, pain, and atrophy.  MRI in 2018 reported enlargement of the cyst to 10 mm, and I was referred to a neurosurgeon.

Id.  Plaintiff argues that "[t]he failure to properly and timely diagnose and treat a Lumbar Synovial Cyst in 2016 resulted in neurogenic claudication and permanent nerve damage in spite of neurosurgery in April 2021."  Id.  Plaintiff contends that he "suffers from permanent foot drop and foot inversion, pain, paraesthesias, cramping, weakness, risk of falls, and disability[, and h]e can only walk a short distance without a walker."  Id.  Plaintiff indicates on his SF-95 that he seeks $7,500,000 in damages.  See id.

9

Although plaintiff indicates on the SF-95 that the "date and day of [his] accident" was "2016 to present," he does not specify the exact date of his injury.  See Dkt. No. 1-1 at 2.  To the contrary, plaintiff provides a few different dates on his form, including December 30, 2016; January 24, 2018; and April 2021.  See id.  Thus, it is unclear when plaintiff's injury occurred.  The Second Circuit has held that "identifying the proper accrual date for [a] plaintiff['s] [FTCA] claim" is "a threshold concern."  Valdez ex rel. Donely v. United States, 518 F.3d 173, 176 (2d Cir. 2008); see Kurbanova v. United States, No. 10-CV-1328 (RJD/CAP), 2011 WL 4464552, at *6 (E.D.N.Y. Sept. 26, 2011).  "Because there is no date, the [undersigned] cannot determine whether [p]laintiff filed it within the requisite two year statute of limitations, whether the claim was denied by the [Department of Veterans' Affairs], or whether [p]laintiff waited the requisite six-months before filing his FTCA claim with the Court."  Morris v. United States, No. 3:12-CV-73, 2012 WL 6048936, at *3 (N.D.W. Va. Dec. 5, 2012), aff'd, 520 F. App'x 205 (4th Cir. 2013); see Vazquez v. Hometown Health Ctr. of Amsterdam, No. 1:21-CV-1371 (MAD/CFH), 2022 WL 2304213, at *5 (N.D.N.Y. June 27, 2022) (recommending dismissal of the plaintiff's FTCA claim because the "plaintiff [did] not assert[ ] when the alleged actions occurred; therefore, the undersigned [could not] engage in an analysis to determine if [the] plaintiff's complaint me[t] the FTCA's two-year statute of limitations period"), report and recommendation adopted, 2023 WL 2495830 (N.D.N.Y. Mar. 14, 2023).

By writing on his SF-95 that the "date and day of accident" was "2016 to present," plaintiff appears to indicate that his injury is ongoing.  Dkt. No. 1-1 at 2.  "Typically, FTCA medical malpractice claims accrue 'at the time of injury.'"  A.Q.C. ex rel. Castillo

v. United States, 656 F.3d 135, 139 (2d Cir. 2011) (quoting Kronisch v. United States, 150 F.3d 112, 121 (2d Cir. 1998)).  However, where a plaintiff "would reasonably have had difficulty discerning the fact or cause of injury at the time it was inflicted, the so-called 'diligence-discovery rule of accrual' applies."  Kronisch, 150 F.3d at 121.  "The diligence-discovery rule sets the accrual date at the time when, with reasonable diligence, the plaintiff has or . . . should have discovered the critical facts of both his injury and its cause."  A.Q.C. ex rel. Castillo, 656 F.3d at 140 (internal quotation marks and citation omitted).  Thus, even if plaintiff is claiming that his injury is ongoing, it is recommended that he specify the date when he "discovered the critical acts of both his injury and its cause" as the accrual date.  Id.

Moreover, plaintiff has not provided documentation that the Department of Veterans' Affairs received or responded to his SF-95.  See Jaghama v. United States, No. 11-CV-5826, 2013 WL 508497, at *2 (E.D.N.Y. Feb. 11, 2013) ("A plaintiff must provide proof that his notice of claim was received by the appropriate agency in the time and manner prescribed by the FTCA or its implementing regulations.") (citing Pinchasow v. United States, 408 F. Supp. 2d 138, 143 (E.D.N.Y. 2006), aff'd 2006 WL 3370714 (2d Cir. 2006)); see also Phillips v. United States, No. 4:23-CV-1209 (SPM), 2023 WL 6381428, at *3 (E.D. Mo. Sept. 28, 2023) ("Plaintiff, however, has failed to . . . provide the Court the final Agency Decision made by the VA [and t]o ascertain whether [the] plaintiff is . . . suing in a timely manner, the Court must have the Agency Decision from the VA.").  Similarly, plaintiff has not pleaded that the Department of Veterans' Affairs responded to his SF-95 or rendered a decision on his claim.  See Bantis v. Gov't USA, No. 23-CV-2492 (LTS), 2023 WL 3977367, at *2 (S.D.N.Y. June 12, 2023)

(dismissing the plaintiff's FTCA claim for lack of subject matter jurisdiction because the plaintiff "ha[d] not alleged facts demonstrating that he filed an administrative claim under the FTCA with a federal government entity for damages and subsequently received a final written determination before bringing this action; . . . or that it has been more than six months since he has filed such an administrative claim"); see also Greenland v. United States, No. 22-CV-4974 (LTS), 2022 WL 2702656, at *3 (S.D.N.Y. July 11, 2022) (dismissing the plaintiff's FTCA claim under the doctrine of sovereign immunity where the plaintiff failed to allege that he received an agency denial of his administrative claim before bringing action in the federal district court).

Plaintiff summarily states that he "has fully complied" with the FTCA's procedural requirements. Compl. at 1, ¶3. However, he fails to provide any facts or explanation to support his allegation. See generally id. Thus, plaintiff has failed to sufficiently plead compliance with the FTCA's exhaustion requirements. See Spina, 541 F. Supp. 3d at 433 ("A plaintiff bears the burden to plead and prove compliance with the exhaustion requirements of the FTCA."); see also Santillan v. United States, No. 19-CV-5410 (AMD/LB), 2020 WL 902922, at *3 (E.D.N.Y. Feb. 25, 2020); Shah v. Wingo, No. 2:15-CV-00004 (KGB/JJV), 2016 WL 4766502 (E.D. Ark. Jan. 14, 2016) (recommending dismissal for the plaintiff's failure to exhaust his FTCA claim where the plaintiff failed to establish that, prior to filing suit, he presented his claim to the appropriate federal agency and it was denied in writing), report and recommendation adopted, 2016 WL 4744150 (E.D. Ark. Sept. 12, 2016). Therefore, it is recommended that plaintiff's FTCA claim against the United States be dismissed for lack of subject matter jurisdiction. See Adeleke v. United States, 355 F.3d 144, 154 (2d Cir. 2004) (holding that, where the

plaintiff fails to administratively exhaust his FTCA claim, there is no federal jurisdiction to hear such claim); see also Vazquez, 2022 WL 2304213, at *5 ("As plaintiff failed to plead compliance with the FTCA's exhaustion requirements, the undersigned recommends dismissal of the complaint without prejudice.") (citing Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]")).

### III. Leave to Amend

"As a general matter, the district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of discretion." Elleby v. Martucello, No. 9:16-CV-1335 (MAD/DEP), 2018 WL 3769965, at *4 (N.D.N.Y. Aug. 9, 2018) (quotation marks omitted) (quoting Shomo v. New York, 374 F. App'x 180, 182 (2d Cir. 2010) (summary order)).  "Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (citations and quotation marks omitted).  "A pro se complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and quotation marks omitted).  "However, 'leave to amend a complaint may be denied when amendment would be futile.'" Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (quoting Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006)).

In deference to plaintiff's pro se status, and because a more detailed pleading could potentially cure the defects identified, the undersigned recommends dismissing plaintiff's FTCA claim against the United States without prejudice and with leave to amend.  See Greenland, 2022 WL 2702656, at *3 (granting leave to amend for the plaintiff to establish he exhausted his FTCA claim by demonstrating he "received a final, written agency decision, or . . . the agency failed to respond within six months after receipt of [the p]aintiff's administrative claim").

### IV. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED**, that plaintiff's claims against the United States of America be **DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND**; and it is further

**RECOMMENDED**, that, if the District Judge adopts this Report-Recommendation and Order, plaintiff be given thirty (30) days from the date of the Order adopting this Report-Recommendation and Order to file an amended complaint, and if plaintiff does not file an amended complaint, it will be deemed as an abandonment of his claim for which leave to replead has been granted and will result in judgment being entered against plaintiff on this claim without further order by the Court; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[5]

Dated: April 4, 2024
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).