UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

ROBERT CARROLL,

         Plaintiff,

-against-              1:23-CV-1553 (LEK/PJE)

UNITED STATES OF AMERICA,

         Defendant.

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

On December 11, 2023, pro se Plaintiff Robert Carroll filed a complaint against the United States of America. Dkt. No. 1. On June 24, 2024, the Court reviewed the sufficiency of the complaint and dismissed it without prejudice and with leave to amend. Dkt. No. 6. Plaintiff then filed an amended complaint. Dkt. No. 8 ("Amended Complaint"). On September 25, 2024, the Honorable Christian F. Hummel, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), recommending that the Amended Complaint be dismissed without prejudice and without leave to amend. Dkt. No. 9 ("Report and Recommendation").

Plaintiff filed an objection to the Report and Recommendation. Dkt. No. 10 ("Objection"). For the reasons that follow, the Court adopts the Report and Recommendation in its entirety. The Amended Complaint is dismissed without prejudice and without leave to amend.

**II. BACKGROUND**

The Court assumes familiarity with the factual background detailed in the Report and Recommendation. *See* R. & R. at 5–8.

In his analysis, Judge Hummel first explained that while the United States is generally immune from suit, the Federal Torts Claim Act ("FTCA") "provides for a waiver of sovereign immunity for certain claims." *Id.* at 8 (quoting *Moore v. United States*, No. 19-CV-9760, 2019 WL 5634679, at *1 (S.D.N.Y. Oct. 31, 2019)). However, in order to bring a claim under the FTCA, a claimant must fulfill the FTCA's presentment requirements, including "exhaust[ing] his or her administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and [] receiv[ing] a final written determination." *Id.* at 8–9 (cleaned up). Judge Hummel explained that a notice of claim must be in writing, specify the amount of damages sought, filed within two years of the claim's accrual, and provide enough information to permit the federal entity to conduct an investigation and estimate the claim's worth. *Id.* at 9. Merely filing a claim with the federal entity is not enough. *Id.* Rather, "presentment 'requires a claimant to provide the reviewing agency with sufficiently specific information as to the basis for his claim, the nature of his injuries, and the amount of damages sought." *Id.* (quoting *Collins v. United States*, 996 F.3d 102, 119 (2d Cir. 2021)). Judge Hummel also explained that a plaintiff may bring an FTCA claim in federal court only after his claim is denied, or if the government fails to issue a final determination within six months after the date of the claimant's filing of the administrative claim. *Id.* at 10.

Upon review of the Amended Complaint, Judge Hummel concluded that Plaintiff failed to comply with the FTCA's presentment requirements. *Id.* at 13. He explained that when Plaintiff submitted the SF-95 notice of claim form ("SF-95") to the United States Department of Veterans Affairs ("VA"), it was denied as barred by the statute of limitations because he only alleged negligence that occurred in 2016 and 2018. *Id.* at 14. Nowhere in the SF-95 did Plaintiff allege—as he does in his Amended Complaint—that the date of his injury was October 2020. R. & R. at

2

14; *see* Am. Compl. ¶ 37. While Plaintiff states that there was a "typographical error" on his SF-95, and he intended to include the 2020 date, Judge Hummel wrote that "the hand-written '2020' on the copy of the form attached to [P]laintiff's [A]mended [C]omplaint was only presented to this Court, and not to the relevant federal agency." *Id.* at 13–14. Judge Hummel explained that "[b]y only mentioning incidents that occurred in 2016 and 2018, the form fails to put the VA on notice of any injuries or claims from 2020." *Id.* at 15. Therefore, Judge Hummel found that Plaintiff's SF-95 filing was "insufficient to permit the VA to adequately conduct an investigation and then to estimate the value of Plaintiff's claim." *Id.* (cleaned up). Judge Hummel concluded that Plaintiff's SF-95 form did not comply with the FTCA's presentment requirements, and he recommended that Plaintiff's FTCA claim be dismissed. *Id.* at 17.

Judge Hummel also recommended that the Court not give Plaintiff leave to amend his Amended Complaint. *Id.* at 18–20. He first explained that Plaintiff failed to cure the defects identified in the Court's initial order dismissing his claim. *Id.* at 19; *see* Dkt. Nos. 6, 4. Further, Judge Hummel noted that "given the defects in [P]laintiff's SF-95 discussed above, it appears that [P]laintiff needs to a file a new SF-95 with the VA, including all dates and facts relevant to his claim." *Id.* (citing, *inter alia*, *Phillips v. U.S. Postal Serv.*, No. 23-CV-819, 2024 WL 1613897, at *2 (2d Cir. Apr. 15, 2024)). He explained that "[t]he FTCA requires exhaustion to be completed *before filing suit*, not after," so any new filings with the VA would not cure the deficiencies in this action. R. & R. at 19 (quoting *Phillips*, 2024 WL 1613897, at *2).

Judge Hummel thus recommended that the Amended Complaint be dismissed without prejudice and without leave to amend. *Id.* at 20.

3

III.   **LEGAL STANDARD**

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002). Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. *See* N.D.N.Y. L.R. 72.1. As 28 U.S.C. § 636(b)(1) states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of [the] court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406.

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

IV.     DISCUSSION

Plaintiff objects to the Report and Recommendation on several grounds. The Court reviews his objections *de novo*. *A.V. by Versace*, 191 F. Supp. 2d at 406.

Many of Plaintiff's objections appear to stem from confusion on the difference between Rule 8's pleading requirement for complaints in federal court, and the procedural requirements for FTCA claims. *See, e.g.*, Obj. at 3, 4–5. The Court aims to provide clarity here. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint filed in federal court contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 also requires that a complaint include "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

These pleading requirements are distinct from the FTCA's procedural requirements. To bring a claim under the FTCA in federal court, a plaintiff "'shall have first *presented* the claim to the appropriate Federal agency' for review." *Collins*, 996 F.3d at 109 (quoting 28 U.S.C. § 2675(a)). "[A] claimant [must] provide the reviewing agency with sufficiently specific information as to the basis for his claim, the nature of his injuries, and the amount of damages sought." *Id*. at 119. It is only after the reviewing agency denies the claim, or the agency fails to issue a final determination within six months, that a claimant may bring an FTCA claim in federal court. *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). If a plaintiff fails to satisfy the presentment requirement under the FTCA, then the Court lacks jurisdiction over the plaintiff's federal court claim, and it must be dismissed. *See Tamares v. United States*, No. 07-CV-688, 2009 WL 691002, at *4 (S.D.N.Y. Mar. 17, 2009) ("Because

[the] plaintiff failed to satisfy the presentment requirements of the FTCA, the United States retains sovereign immunity and this Court does not have subject matter jurisdiction over [the] plaintiff's claim.").

To the extent that Plaintiff argues his filing with the VA met the requirements of Rule 8, Plaintiff considered the wrong standard. *See* Obj. at 3. As explained above, it is only complaints filed in federal court that are bound by the Rule 8 pleading requirements. *See* Fed. R. Civ. P. 8. The sufficiency of a SF-95 form filed before a government agency is reviewed under the FTCA's separate and distinct requirements.

To the extent that Plaintiff argues he met the FTCA's requirements to bring a claim in federal court, the Court disagrees. *See, e.g.*, Obj. at 9–10. A plaintiff's SF-95 form must provide specific information regarding the basis for the claim and the nature of the injuries. *See Collins*, 996 F.3d at 119. Plaintiff's SF-95 form did not. On Plaintiff's SF-95, Plaintiff failed to note any alleged negligence from October 2020, the alleged date of his injury, and "the earliest he could have suspected that the cyst was the cause of the increasingly severe lower back pain and that the defendants had committed malpractice." Am. Compl. ¶ 37; *see* R. & R. at 11–12. As such, Plaintiff failed to provide specific information to the VA that was necessary to investigate his claim.

Plaintiff argues that his failure to note any injuries from 2020 in his SF-95 should be excused because it was the result of a "typo" that "should have been obvious to the investigators." Obj. at 3. This argument is unavailing. The burden is on the claimant to provide sufficient information regarding the nature and merits of their claim, and "that burden is not met simply [] because the government is generally familiar" with the case. *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir. 1983). Indeed, the burden was on Plaintiff to inform the VA of

6

his alleged 2020 injury. The Court cannot excuse Plaintiff's failure to allege any injuries from 2020 merely because it "should have been obvious" to Defendant. Obj. at 3.

Therefore, because Plaintiff failed to provide the reviewing agency with sufficiently specific information regarding the nature of his injuries and merits of his claim, the Court finds that Plaintiff failed to meet the presentment requirements necessary to bring an FTCA claim in federal court. Accordingly, the Court has no jurisdiction over Plaintiff's claim, and the Amended Complaint must be dismissed. *See Tamares*, 2009 WL 691002, at *4.

Furthermore, the Court agrees with Judge Hummel's recommendation not to give Plaintiff leave to amend the Amended Complaint. *See* R. & R. at 18–20; Obj. at 2. At the outset, the Court notes that it is under no obligation to grant a second opportunity to amend a complaint. *See Tafari v. McCarthy*, 714 F. Supp. 2d 317, 339 (N.D.N.Y. 2010) ("[A]n opportunity to amend is not required where the plaintiff has already amended the complaint."). Further, any amendment would be futile. *See Griffin v. Doe*, 71 F. Supp. 3d 306, 320 (N.D.N.Y. 2014) ("[L]eave to re-plead may be denied where any amendment would be futile"). A second amended complaint that more clearly alerts the Court to a typographical error in Plaintiff's SF-95 would not cure the deficiencies in this action; it is the relevant reviewing agency—in this case the VA—that must have been aware of the error. *See Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) ("[A] Notice of Claim filed pursuant to the FTCA must provide enough information to permit the *agency* to conduct an investigation.") (emphasis added). Further, leave to allow Plaintiff to file a new SF-95 form with the VA would be similarly futile. "The FTCA requires exhaustion to be completed *before filing suit*, not after." *Phillips*, 2024 WL 1613897, at *2. Indeed, "[t]he Supreme Court made clear . . . that if a plaintiff files an FTCA claim in federal court prematurely—before the administrative process has been exhausted—the claim should be

dismissed, even if it might become ripe at a later date during the pendency of the action." *Id*. Accordingly, even if Plaintiff filed a new SF-95 form with the VA now, his FTCA claim could not survive because the administrative process was unexhausted prior to the initiation of this action.

For these reasons, the Court declines to grant Plaintiff leave to amend the Amended Complaint.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 9, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's amended complaint, Dkt. No. 8, is **DISMISSED without prejudice and without leave to amend**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     May 5, 2025
           Albany, New York

LAWRENCE E. KAHN
United States District Judge